The Honorable Jeff Harper Office of the City Attorney 201 North Spring Street P.O. Box 1208 Springdale, AR 72765
Dear Mr. Harper:
You have requested an Attorney General opinion, pursuant to A.C.A. §25-19-105(c)(3)(B), concerning the release of certain records under the Freedom of Information Act ("FOIA") (A.C.A. § 25-19-101 to -109) (Repl. 1996 and Supp. 2001).
In your letter you have offered the following background information:
 The Springdale, Arkansas fire department conducted an internal investigation after several firefighters called in sick on July 13, 2001, which was several days after a vote was taken by the Springdale City Council to deny a pay increase to firefighters. At the conclusion of the investigation, the Fire Chief suspended one firefighter without pay for 240 hours. The time to appeal that disciplinary action to the Springdale Civil Service Commission has already passed, so there are no other administrative remedies available to the employee.
On November 6, 2001, The Morning News of Northwest Arkansas filed an FOIA request with the Springdale fire chief requesting "all records of any action taken of any employee suspended or terminated as a result of an investigation of the firefighters' `sickout' on July 13, 2001." Your letter further states that you have advised the fire chief, as custodian of the records, to release the requested information and notify the subject of the records of the decision to release the requested documents. The firefighter in question has since contacted you, and attached to your letter is his written request for an Attorney General's opinion as to whether the records should be released under the FOIA.
I have paraphrased the question that has been posed by both you and the firefighter who is the subject of the records, as follows:
 Should records reflecting any suspension or termination of firefighters by the Springdale Fire Department regarding the alleged `sickout' on July 13, 2001, be released under the Freedom of Information Act?
I am directed by law to issue an opinion as to whether the determination of the custodian of the records to release the requested information is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B). I have not been provided with copies of the records in question and therefore cannot, as is contemplated under 25-19-105(c)(3)(B), opine definitively as to whether the decision of the custodian is correct. I can, however, set out the applicable legal analysis and make a general conclusion as to whether the employment-related records in question are open to inspection and copying.
RESPONSE
In my opinion the decision to release the records in question is generally consistent with the FOIA.
Records reflecting disciplinary action taken for employee misconduct will generally constitute "employee evaluation or job performance records" under the FOIA. This conclusion is consistent with previous opinions of this office. See, e.g., Op. Att'y Gen. 2000-179 and opinions cited therein.
Under the provisions of the FOIA, "employee evaluation or job performance records" are disclosable only if the following conditions have been met:
 1) There has been a final administrative resolution of any suspension or termination proceeding;
 2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 3) There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).
According to the facts, as outlined in your letter, at least two of the conditions appear to have been met for release of the records in question. You have stated that the suspension decision is final, and since the suspension was imposed "at the conclusion of the investigation" (see letter dated November 7, 2001 from Jeff Harper, Springdale City Attorney), I presume that the records formed a basis for the decision to suspend. As a factual matter, any employee evaluation/job performance records in the City's possession can be disclosed only after these questions can be answered affirmatively, and if it is determined that there is compelling public interest in their disclosure.
The phrase "compelling public interest" is not defined in the FOIA. Clearly, whether there is a "compelling public interest" in the release of particular records will depend upon all of the facts and circumstances attendant to the particular case. Professor John Watkins, a commentator on the FOIA, has provided some guidelines for determining whether such an interest exists. He states: "The nature of the problem that led to the suspension or termination will undoubtedly bear on the `compelling public interest' question. . . ." J. Watkins, Arkansas Freedom of InformationAct 146 (mm Press, 3rd ed. 1998). Professor Watkins also points out:
 ". . . a general interest in the performance of public employees should be not considered compelling, for that concern is, at least theoretically, always present. However, a link between a given public controversy, an agency associated with the controversy in a specific way, and an employee within the agency who commits a serious breach of public trust should be sufficient to satisfy the "compelling public interest" requirement.
Watkins, p. 147 (id.)
With regard to the existence of a "compelling public interest in disclosure" (id.), it is my opinion that the nature of the problem that led to the investigation and resulting disciplinary action compels disclosure in this instance where the record details conduct that could undermine the public trust and/or compromise public safety. See,generally, Watkins (id.) (discussing the "compelling public interest" question). I cannot state, therefore, that your conclusion to release the records in question is inconsistent with the FOIA.
Finally, it should be noted that the custodian should review individually all records that are released to determine whether they contain specific information that is exempt from disclosure even if the record itself is not exempt from disclosure. If so, this information should be redacted from the records prior to their release. For example, if the records contain social security numbers, they should be redacted. See, e.g., Op. Att'y Gen. No. 99-011, citing 5 U.S.C. § 522a (the "Federal Privacy Act"). Similarly, unlisted telephone numbers should be redacted. See, e.g., Op. Att'y Gen. No. 99-054. Under certain specialized circumstances where the facts indicate that the employee in question has a heightened privacy interest, the home address and listed telephone number can be redacted as well. See Stilley v. McBride, 332 Ark. 306, 965 S.W.2d 125
(1998); Op. Att'y Gen. No. 99-054.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh